**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| BRISTOL COUNTY RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>vs.<br><br>EUROPEAN AERONAUTIC DEFENCE & SPACE CO., NOEL FORGEARD, DR. THOMAS ENDERS, HANS PETER RING, JUSSI ITAVUORI, JEAN-PAUL GUT, FRANCOIS AUQUE and RALPH D. CROSBY JR.,<br><br>                  Defendants. | Electronically Filed<br><br>Civil Action No. 08-cv-05389 (JES)<br><br>(ECF Case)<br><br>Hon. John E. Sprizzo |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
BRISTOL COUNTY RETIREMENT SYSTEM
FOR APPOINTMENT AS LEAD PLAINTIFF
<u>AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

PRELIMINARY STATEMENT .......... 1

STATEMENT OF FACTS .......... 3

ARGUMENT .......... 5

I. BRISTOL SHOULD BE APPOINTED LEAD PLAINTIFF .......... 5

A. The Procedural Requirements Pursuant to the PSLRA .......... 5

B. Bristol is the "Most Adequate Plaintiff" .......... 6

1. Bristol Has Made a Timely Motion for Appointment as Lead Plaintiff .......... 6

2. Bristol Has the Largest Financial Interest .......... 6

3. Bristol Otherwise Satisfies Rule 23 .......... 6

4. Bristol is the Prototypical Lead Plaintiff Envisioned by the PSLRA .......... 8

II. THE COURT SHOULD APPROVE BRISTOL'S CHOICE OF COUNSEL .......... 9

CONCLUSION .......... 10

## TABLE OF AUTHORITIES

### CASES

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)......................................................................................9

*Constance Sczesny Trust v. KPMG LLP*,
    223 F.R.D. 319 (S.D.N.Y. 2004) ..............................................................................7

*In re Enron Corp. Sec., Deriv. & "ERISA" Litig.*,
    529 F. Supp. 2d 644 (S.D. Tex. 2006) ....................................................................10

*In re Enron Corp., Securities Litigation*,
    206 F.R.D. 427 (S.D. Tex. 2002) ..............................................................................9

*Glauser v. EVCI Career Colls. Holding Corp.*,
    236 F.R.D. 184 (S.D.N.Y. 2006) ...........................................................................6, 7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ..............................................................................8

*In re Waste Mgmt., Inc. Sec. Litig.*,
    128 F. Supp. 2d 401 (S.D. Tex. 2000) ......................................................................9

*Weiss v. Friedman, Billings, Ramsey Group, Inc.*,
    No. 05-cv-04617 (RJH), 2006 WL. 197036 (S.D.N.Y Jan. 25, 2006) ......................9

### DOCKETED CASES

*Bobin v. Lagardere SA*,
    No. 1:08-cv-05383-MGC (S.D.N.Y. filed June 12, 2008) ........................................1

*In re Monster Worldwide, Inc. Sec. Litig.*,
    No. 07-cv-2237 (S.D.N.Y. filed Mar. 15, 2007).......................................................9

### STATUTES AND RULES

15 U.S.C. § 78u-4(a)(3) .................................................................................................1, 5

15 U.S.C. § 78u-4(a)(3)(A) ................................................................................................5

15 U.S.C. § 78u-4(a)(3)(A)(i) ............................................................................................5

15 U.S.C. § 78u-4(a)(3)(B) ..................................................................................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(i) ............................................................................................. 1, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ....................................................................................... 2, 6

15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................................ 3, 9

Fed. R. Civ. P. 23 ................................................................................................................ 7, 8

Fed. R. Civ. P. 23(a) ........................................................................................................... 6, 7

Fed. R. Civ. P. 23(a)(3) ........................................................................................................... 7

Fed. R. Civ. P. 23(a)(4) ........................................................................................................... 8

## OTHER AUTHORITIES

H.R. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730 ............................... 8

Bristol County Retirement System ("Bristol") respectfully submits this Memorandum of Law in support of its motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order: (i) appointing Bristol as Lead Plaintiff of a class of U.S. citizens who purchased the publicly traded stock of European Aeronautic Defence & Space Co. ("EADS") on the Frankfurt, Madrid and/or Paris Stock Exchanges between January 17, 2005 and March 11, 2008, inclusive; and (ii) approving Bristol's selection of Labaton Sucharow LLP ("Labaton Sucharow") and Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

This case alleges that EADS and certain of its officers and directors (collectively, "Defendants") violated the federal securities laws by issuing materially false and misleading statements concerning the Company's Airbus A380 commercial jets ("A380"), as well as its financial condition and performance. The above-captioned action (the "Action") is brought on behalf of U.S. citizens who purchased the publicly traded stock of EADS on the Frankfurt, Madrid and/or Paris Stock Exchanges (the "Class") between January 17, 2005 and March 11, 2008, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").[1]

Pursuant to the PSLRA, the Court should appoint the "most adequate plaintiff" to serve as Lead Plaintiff in the action. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court should

---

[1] A related case, *Bobin v. Lagardere SA*, No. 1:08-cv-05383-MGC (S.D.N.Y. filed June 12, 2008), pending before Judge Cedarbaum, was voluntarily dismissed on August 4, 2008.

determine, among other things, which movant has the "largest financial interest" in the relief sought by the Class in this litigation and has made a *prima facie* showing that it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Bristol believes that it is the "most adequate plaintiff" under the PSLRA to serve as the Lead Plaintiff on behalf of the Class in this action.  As set forth in detail below, Bristol lost approximately $338,707 on its investment in EADS securities during the Class Period.[2]  A copy of the PSLRA-required Certification submitted by Bristol is attached as Ex. A to the Declaration of Alan I. Ellman (the "Ellman Decl."), submitted herewith.  This Certification sets forth the transactions of Bristol in EADS securities during the Class Period.  In addition, a chart reflecting the calculation of Bristol's financial losses on EADS securities purchased during the Class Period is attached as Ex. B to the Ellman Decl.  In light of the significant transactions and losses reflected in these exhibits, Bristol has an extremely large financial interest in the relief sought by this litigation – an interest believed to be greater than that of any competing movant.

In addition, Bristol satisfies the adequacy and typicality requirements of Rule 23 because it is a sophisticated institutional investor who stands in the shoes of all other class members and is ready and able to spearhead this litigation in the best interests of the class.  Indeed, the PSLRA's legislative history shows that Bristol is precisely the type of sophisticated institutional investor whose participation in securities class action the PSLRA was meant to foster.  In short, Bristol is the "most adequate plaintiff" and should be appointed Lead Plaintiff.

---

[2] Bristol's loss is the same when calculated using either the last-in-first-out (LIFO) or first-in-first-out (FIFO) methodology of accounting for purchases and sales.

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall select and retain counsel to represent the class, subject to court approval. Bristol's selection of Labaton Sucharow and Coughlin Stoia as Lead Counsel should be approved because these firms have each successfully litigated securities class actions for decades.

## STATEMENT OF FACTS

Defendant EADS is a Netherlands-incorporated and headquartered company which produces commercial aircrafts including the various Airbus models, military fighter aircrafts, military and commercial helicopters, missiles, satellites, and telecommunications and defense systems. The Company's Airbus subsidiary is one of the world's leading aircraft manufacturers. EADS's stock is listed on the Frankfurt, Madrid and Paris stock exchanges. DaimlerChrysler and SOGEADE (a.k.a. Lagardère) are the Company's majority shareholders and jointly select the Company's Chairmen and CEOs.

Throughout the Class Period, EADS falsely assured the investing public that it would overcome the technical problems in the production of the Company's Airbus A380 commercial jets ("A380") and it would be able to meet its year-end delivery deadlines. Moreover, the Company issued numerous positive statements which described the Company's increasing financial performance. These statements were materially false and misleading because they failed to disclose and misrepresented the following adverse facts, among others: (a) that the Company was experiencing insurmountable delays in the manufacture of its Airbus A380 commercial jets; (b) that the Company would be required to compensate its customers for these delays through discounts and certain customers would likely be canceling their entire orders; and (c) that, as a result of the foregoing, the Company's ability to receive new contract awards from

commercial airliners and its ability to reap future revenues at the levels that it was projecting would be in serious doubt.

On June 13, 2006, the Company announced that its Airbus subsidiary was having production problems with the A380 commercial jet, which would cause a significant delay in delivery to its customers. Moreover, the Company issued a profit warning beyond 2006 which was attributable to these delays and announced that it anticipates annual shortfalls of €500 million, without taking into account possible contract terminations from existing customers. Upon this announcement, shares of EADS fell €6.69 per share, or 26%, to close at €18.73 per share, on unusually heavy trading volume.

Prior to these disclosures, 21 top managers, including Defendants Forgeard (and his family members) and Enders, exercised stock options from November 2005 to March 2006 with knowledge that there were significant problems with the production of the Airbus A380. However, Defendants continued to conceal the true scope of the Company's problems. Then, on March 11, 2008, the Company announced its fiscal year 2007 financial results. In that regard, EADS reported lower than expected earnings and issued a cautious outlook. As a result of this announcement, shares of the Company's stock fell approximately 7%.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Bristol and other Class Members have suffered significant losses and damages.

# ARGUMENT

## I. BRISTOL SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Bristol, which filed the complaint in this Action, published a notice on *Business Wire* on June 12, 2008. *See* Notice, Ellman Decl., Ex. C. This notice indicated that applications for appointment as lead plaintiff were to be made no later than August 11, 2008. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that-
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . .
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the
> Federal Rules of Civil Procedure [pertaining to class
> actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006).

### B.  Bristol is the "Most Adequate Plaintiff"

#### 1.  Bristol Has Made a Timely Motion for Appointment as Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, Bristol timely moves this Court to be appointed Lead Plaintiff on behalf of all plaintiffs and class members covered by the Action.

#### 2.  Bristol Has the Largest Financial Interest

To the best of its, and its counsel's knowledge, Bristol has the largest financial interest in the relief sought of any class member that has come forward as a proposed lead plaintiff. During the proposed Class Period, Bristol purchased shares of EADS as reflected in its Certification and Bristol's losses are approximately $338,707. *See* Ellman Decl., Ex. A and B.

#### 3.  Bristol Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is
> impracticable; (2) there are questions of law or fact common to the
> class; (3) the claims or defenses of the representative parties are
> typical of the claims or defenses of the class; and (4) the
> representative parties will fairly and adequately protect the
> interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *see also Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004) (same). As detailed below, Bristol satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

### (a)    Bristol Fulfills the Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists "where the claims of the Lead Plaintiff arise [from] the same course of conduct that gives rise to the claims of the other class members, where these claims are based on the same legal theory, and where the class members and Lead Plaintiff were injured by the same conduct." *Glauser*, 236 F.R.D at 188-89. However, the claims of the Lead Plaintiff need not be identical to the claims of the class to satisfy typicality. *See Constance Sczensy Trust*, 223 F.R.D. at 325.

Bristol seeks to represent a class of purchasers of EADS securities who have identical, non-competing and non-conflicting interests. Bristol satisfies the typicality requirement because it: (1) purchased or acquired EADS securities during the Class Period at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (2) suffered damages when the truth was disclosed to the market. *See Glauser*, 236 F.R.D. at 189 (discussing the typicality requirement). Thus, Bristol's claims are typical of those of other

class members since their claims and the claims of other class members arise out of the same course of events.

### (b) Bristol Fulfills the Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." In order to meet the adequacy requirement, "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 413 (S.D.N.Y. 2004) (Sweet, J.). Bristol's interests in this Action are perfectly aligned with the interests of absent class members, and Labaton Sucharow and Coughlin Stoia, its selected lead counsel, have decades of experience in effectively prosecuting securities class actions. Accordingly, the Court can be assured that Bristol and its selected counsel will more than adequately protect the interests of absent class members.

### 4. Bristol is the Prototypical Lead Plaintiff Envisioned by the PSLRA

In addition to satisfying the requirements of Rule 23, Bristol is precisely the type of large, sophisticated institutional investor – the prototypical lead plaintiff – envisioned by the framers of the PSLRA. As noted by Congress in the Statement of Managers, the PSLRA was enacted "to increase the likelihood that institutional investors will serve as lead plaintiff[]," in part, because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." H.R. Rep. No. 104-369, at 34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733.

Organized under the laws of the Commonwealth of Massachusetts in 1936, Bristol has more than $276 million in assets, making it one of the largest public retirement systems in the

State of Massachusetts. Bristol is a sophisticated institutional investor with vast resources sufficient to adequately litigate this action and supervise class counsel. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (noting that the legislative intent behind enacting the PSLRA was to encourage large institutional investors to serve as lead plaintiff); *see also Weiss v. Friedman, Billings, Ramsey Group, Inc.,* No. 05-cv-04617 (RJH), 2006 WL 197036, at *1 (S.D.N.Y Jan. 25, 2006) (same). Thus, as demonstrated above, Bristol is the prototypical lead plaintiff under the PSLRA.

## II.   THE COURT SHOULD APPROVE BRISTOL'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. *See id.* at *5. Labaton Sucharow has had a leading role in numerous important actions on behalf of defrauded investors. Labaton Sucharow served as lead counsel in the Waste Management securities litigation, which resulted in a settlement of $457 million, one of the largest common-fund securities class action settlements ever achieved at that time. *See* Labaton Sucharow Firm Resume, Ellman Decl., Ex. D; *see also In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions"). Also, Labaton Sucharow is currently serving as lead or co-lead counsel in the securities fraud cases against American International Group, HealthSouth, Countrywide, Broadcom, and others. In *In re Monster Worldwide, Inc. Sec. Litig.*, No. 07-cv-2237 (S.D.N.Y. filed Mar. 15, 2007), Judge Rakoff appointed Labaton Sucharow as lead counsel, stating that "the Labaton firm is very well known to . . . courts for the excellence of its representation." (*Id.,* Hr'g Tr. 24:25-25:1, June 14, 2007).

Coughlin Stoia also has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp., Securities*

*Litigation,* 206 F.R.D. 427 (S.D. Tex. 2002), in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action.

Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec., Deriv. & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006).

*See* Coughlin Stoia Firm Resume, Ellman Decl. Ex. E.

## CONCLUSION

For the foregoing reasons, Bristol respectfully requests that the Court: (i) appoint Bristol as Lead Plaintiff; and (ii) approve Labaton Sucharow LLP and Coughlin Stoia Geller Rudman & Robbins LLP as Lead Counsel for the Class.

Dated: August 11, 2008                                         Respectfully submitted,

**LABATON SUCHAROW LLP**

By:   */s/ Christopher J. Keller*
Christopher J. Keller (CK-2347)
Andrei V. Rado (AR-3724)
Alan I. Ellman (AE-7347)
140 Broadway
New York, New York 10005
Telephone:    (212) 907-0700
Facsimile:     (212) 818-0477

**COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP**
Samuel H. Rudman (SR-7957)
David A. Rosenfeld (DR-7564)
Mario Alba Jr. (MA-7240)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:	(631) 367-7100
Facsimile:	(631) 367-1173

*Attorneys for Plaintiff Bristol County
Retirement System and Proposed Lead
Counsel for the Class*