# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                                                                 :
IN RE EUROPEAN AERONAUTIC DEFENCE                                :   Civil Action No.:  08-CV-05389 (GEL)
& SPACE CO. SECURITIES LITIGATION                                :
                                                                 :   (ECF CASE)
---------------------------------------------------------------- x


**LEAD PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS ON THE GROUND OF *FORUM NON CONVENIENS***


**LABATON SUCHAROW LLP**
Mark S. Arisohn (MA-2364)
Michael H. Rogers (MR-5460)
140 Broadway
New York, New York  10005
(212) 907-0700

**COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP**
Samuel H. Rudman
David A. Rosenfeld
Jarrett S. Charo
58 South Service Road, Suite 200
Melville, NY 11747
(613) 367-7100

*Co-Lead Counsel for Lead Plaintiff
Bristol County Retirement System*

-i-

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................ 1

    1.    Defendants' Argument Based On The Amount Of Damages Alleged By The Eleven U.S. Plaintiffs Suing In Germany Overlooks That The Case Pending Here Is A Putative Class Action .............................................................. 1

    2.    Defendants Fail To Explain Why A Decision By Eleven U.S. Institutional Investors To Sue In Germany Should Result In The Dismissal Of A Class Action Brought On Behalf Of Scores If Not Hundreds Of U.S. Resident Investors Who Have Not Brought Suit In Germany Or Anywhere Else ................ 2

    3.    The German "Model Case Proceeding" Relied On By Defendants Is Entirely Unlike A U.S. Class Action And Its Procedures Impose Onerous Requirements On Plaintiffs Making It Extremely Unlikely That Any U.S. Investor Will Participate To Conclusion In Germany In Order To Recover Damages Against The Defendants .......................................................................... 3

CONCLUSION ............................................................................................................................. 5

Lead Plaintiff, Bristol County Retirement System, submits this sur-reply in further opposition to Defendants' motion to dismiss on the ground of *forum non conveniens*.

## PRELIMINARY STATEMENT

Defendants urge the Court to dismiss this putative class action in favor of litigation in Europe based on the fact that eleven U.S. based institutional investors have commenced litigation against EADS in Germany, raising essentially the same claims as are asserted in Bristol's complaint. Defendants contend that Americans suing EADS in Germany: (i) undermines Lead Plaintiff's claim of convenience of litigation in the United States for American based investors; (ii) defeats Lead Plaintiff's argument that there is no adequate alternative forum; (iii) belies the argument that a German remedy would amount to no remedy at all; and (iv) overcomes the contention that the lack of foreign class actions and their benefits should defeat dismissal. (Defendants' Reply Brief, 9 – 10). As shown below, Defendants seriously overstate the significance of the German lawsuits by several American plaintiffs. The mere existence of these lawsuits does not enhance Defendants' motion to dismiss on the ground of *forum non conveniens*.

## ARGUMENT

**1. Defendants' Argument Based On The Amount Of Damages Alleged By The Eleven U.S. Plaintiffs Suing In Germany <u>Overlooks That The Case Pending Here Is A Putative Class Action</u>**

Defendants point out that the eleven U.S. plaintiffs suing in Germany claim total losses of €6,321,923, an amount that "vastly exceeds the €216,481 in damages . . . Bristol claims to have suffered in this case." (Defendants' Reply, 6).[1] However, even if these eleven plaintiffs ultimately decide to opt out of this class action (and there is no assertion at this time that any of

---

[1] One of the eleven plaintiffs' losses accounts for 66% (€4,175,500) of the €6,321,923 in total losses alleged by the eleven. *See* Reply Declaration of Dr. Peter M. Kleinschmidt, ¶ 14.

them intends to do so), Defendants avoid the fact that this putative class action has been brought on behalf of at least 73 institutional investors who purchased EADS stock during the class period (Jones Decl. ¶ 6.a),[2] and this estimate likely understates holdings by U.S. institutions because EADS did not file Forms 13F (Jones Decl. ¶¶ 12, 14).  In addition to the institutional investors, there are also scores if not hundreds of U.S. resident individual investors who are also class members.  In any event, the U.S. purchaser members of the putative class of EADS shareholders held more than $862 million in EADS stock (Jones Decl. ¶ 6.a) and their losses are expected to exceed $100 million – far more than the losses alleged by the eleven absent class members who filed in Germany.  The fact that eleven[3] absent class members have brought suit in Germany, accounting for a small fraction of the total losses likely to be at stake in this class action, certainly does not undermine considerations of convenience to the Lead Plaintiff here who brought suit in the United States on behalf of United States investors.

  **2.**  **Defendants Fail To Explain Why A Decision By Eleven U.S. Institutional Investors To Sue In Germany Should Result In The Dismissal Of A Class Action Brought On Behalf Of Scores If Not Hundreds Of U.S. Resident Investors Who Have Not Brought Suit In Germany Or Anywhere Else**

There are at least 62 U.S. institutional and scores if not hundreds of individual investors – absent class members here – who suffered staggering losses but have not brought suit in Germany or anywhere else cited by Defendants.  Depriving these U.S. fraud victims of their day

---

[2] "Jones Decl. ¶" refers to the declaration of Cynthia Jones attached as Exhibit K to the Declaration of David A. Rosenfeld dated March 17, 2009, submitted in opposition to the motion to dismiss on the ground of *forum non conveniens.*

[3] The eleven U.S. plaintiffs who filed cases in Germany against EADS are:  OIA Select Commingled Fund L.P., San Diego City Employees' Retirement System, AQR International Equity Fund, Transamerica Funds, Harbor Capital Advisors Inc., Employees Retirement Fund of the City of Dallas, Retirement Plan for Employees of Aetna Inc., The William and Flora Hewlett Foundation, Shell Pension Trust, The Boeing Company Employee Retirement Plans Master Trust, and San Mateo County Employees Retirement Association.  (Reply Declaration of Dr. Peter M. Kleinschmidt, ¶ 14).  Apparently, the largest U.S. institutional investors believed to be absent class members have not filed suit against EADS in Germany:  Alliance Bernstein L.P., California Public Employees Retirement System, Deutsche Investment Management Americas, Inc., Goldman Sachs Asset Management, ING Investment Management Co., Massachusetts Mutual Life, Oppenheimer Funds Inc., Van Kampen Investment.  *See* Jones Decl., Exhibit C.

in an American court and forcing them to forego the U.S. class action mechanism and its benefits in favor of filing individual suits in the courts of Germany because of decisions to sue in Germany made by other U.S. institutional investors is unsound.  Significantly, there is no evidence about why the eleven U.S. institutions commenced suit in Germany and there can be only speculation about whether they will in fact opt out of this class action and see the German proceedings through to conclusion.

The Defendants read far too much into the fact that eleven U.S. institutions have filed suit in Germany.  If anything, suit there by only eleven U.S. plaintiffs is powerful evidence that suit in Germany or elsewhere in Europe is not a viable or realistic alternative for the dozens of other absent class members here.

> **3. The German "Model Case Proceeding" Relied On By Defendants Is Entirely Unlike A U.S. Class Action And Its Procedures Impose Onerous Requirements On Plaintiffs Making It Extremely Unlikely That Any U.S. Investor Will Participate To Conclusion In Germany In Order To Recover Damages Against The Defendants**

Referring to the German "Capital Markets Model Case Act" ("CMMCA") as a "potent group-litigation mechanism"  (Defendants' Reply, 8), the Defendants suggest that the eleven U.S. filers in Germany would benefit from procedures where common issues of fact and law would be resolved in a "model case" prosecuted in a "German court above the trial court" by a "model plaintiff" and that the law and fact resolutions "would become binding on the trial courts in trying the individual actions." (Id., fn. 15).[4]  However, Defendants fail to detail for the Court

---

[4] Recently, in *In re Vivendi Universal SA Sec. Litig.,* 242 F.R.D. 76, 105 (S.D.N.Y. 2007), Judge Holwell found that despite this German procedural device, collective actions remain unknown in Germany.  Indeed, the model proceeding is so unlike a U.S. opt out class action, that Judge Holwell found that the German courts were unlikely to give *res judicata* effect to a judgment entered in a U.S. class action and excluded German plaintiffs from the class he certified in the Vivendi litigation.

- 3 -

the procedural hurdles required by the CMMCA[5] before a model case can proceed in a higher court:

- Any claimant or defendant in a proceeding involving a claim for compensation due to false, misleading or omitted public capital markets information may make application for the establishment of a model case (CMMCA §1(1)).  According to the Defendants' Reply, "a motion has been filed … to open a 'Model Case Proceeding.'" (Declaration of Dr. Peter M. Kleinschmidt, ¶ 15).

- The application to open a Model Case Proceeding may be opposed by the party opponent (CMMCA §1(2)).  Defendants fail to inform the Court whether or not EADS has opposed the application for the establishment of a Model Case Proceeding.

- The application may be granted only if in at least nine other proceedings related applications for the establishment of a model case were submitted within four months after the public announcement of the first application to open such a proceeding (CMMCA § 4(1)). Defendants refer only to "a motion" having been filed to open a Model Case Proceeding (Declaration of Dr.Peter M. Kleinschmidt, ¶ 15), but fail to note when that motion was filed and whether any other applications to open such a proceeding were filed within the allotted four month period.

Even if a model case goes forward, law and fact resolutions that are made are only binding on plaintiffs other than the model plaintiff if such other plaintiffs actually choose to participate in the model proceeding (CMMCA §§ 12, 16).  In other words, there can be no benefit realized under this German procedure by a party who does not wish to undergo the

---

[5] The text of the CMMCA is attached hereto as Appendix A and is available at http://www.bmj.de/files/80c4b7e86e5195d2bf66ea42c3bdd5bc/1110/KapMuG_english.pdf.

expense and inconvenience of actually litigating in Germany. Defendants have not presented any evidence of whether a single one of the eleven U.S. institutions that filed cases in Germany against EADS is prepared to follow through with what is required in order to benefit from fact and law resolutions made in a model case, should one actually proceed.

Moreover, if the plaintiff loses the model case, all participating plaintiffs must share in the costs of the lawsuit (CMMCA § 17(3)) and lawyers may not ask for or accept contingent fees under German law (http://www.bmj.bund.de/files/-/1056/EnglishInfoKapMuG.pdf).

It is entirely speculative that any of the eleven U.S. institutions that have filed suit in Germany will ever benefit from the model case procedures established by the CMMCA. Accordingly, Defendants fail to establish that Germany is an adequate alternative forum.

## CONCLUSION

For the foregoing reasons and those set forth in Lead Plaintiff's papers filed in opposition to Defendants' motions, Defendants' motion to dismiss on the ground of *forum non conveniens* should be denied.

Dated: New York, New York
April 30, 2009

**LABATON SUCHAROW LLP**

By: /s/ Mark S. Arisohn

Mark S. Arisohn (MA-2364)
Michael H. Rogers (MR-5460)
140 Broadway
New York, New York 10005
(212) 907-0700

**COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP**
Samuel H. Rudman
David A. Rosenfeld
Jarrett S. Charo
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

*Co-Lead Counsel for Lead Plaintiff
Bristol County Retirement System*

# Appendix A

# Act on the Initiation of Model Case Proceedings in respect of Investors in the Capital Markets

The Bundestag passed the following law:

## Article 1

## Act on Model Case Proceedings in Disputes under Capital Markets Law (Capital Markets Model Case Act – KapMuG)

### Table of Contents

Part 1
Application for Establishment of a Model Case; Reference Procedures

Section 1  Application for Establishment of a Model Case
Section 2  Public Announcement in the Complaint Registry
Section 3  Interruption of Proceedings
Section 4  Reference to the Higher Regional Court
Section 5  Precluding Effects of the Order Referring the Matter to a Higher Court of Instance

Part 2
Conducting a Model Case

Section 6  Public Announcement of Model Case Proceedings
Section 7  Suspension
Section 8  Parties to the Model Case Proceedings
Section 9  General Procedural Rules
Section 10 Preparation of the Hearing
Section 11 Effects of Withdrawal
Section 12 Legal Position of Interested Parties Summoned
Section 13 Expansion of the Subject Matter of the Model Case Proceedings
Section 14 Model Case Ruling
Section 15 Appeal on Points of Law

Part 3
Effect of the Model Case Ruling; Costs

Section 16 Effect of the Model Case Ruling
Section 17 Subject Matter of the Decision on Costs in Trial Proceedings
Section 18 Violation of the Requirements to Reference of the Matter to the Higher Regional Court
Section 19 Decision concerning Costs in Appeal on Points of Law Proceedings
Section 20 Transitional Provisions

## Part 1
### Application for Establishment of a Model Case; Reference Procedures

### Section 1
### Application for Establishment of a Model Case

(1) By application for the establishment of a model case, in a proceeding at first instance, in which

1. a claim for compensation of damages due to false, misleading or omitted public capital markets information or

2. a claim to fulfilment of contract, which is based on an offer under the Securities Acquisition and Takeover Act,

is asserted, the establishment of the existence or non-existence of conditions justifying or ruling out entitlement or the clarification of legal questions may be sought (establishment objective), provided the decision in the legal dispute is contingent thereupon. Application for the establishment of a model case may be made by the plaintiff and the defendant. Public capital markets information means information directed at a great number of investors regarding facts, circumstances and statistical as well as other company data which relate to an issuer of securities or an offeror of other investments. These shall include, in particular, information contained in

1. prospectuses under the Securities Prospectus Act,

2. sales prospectuses under the Sales Prospectus Act and the Investment Act,

3. communications of insider information within the meaning of section 15 of the Securities Trading Act,

4. presentations, overviews, lectures and information in the main collection on the state of the company, including its relationships with associated enterprises within the meaning of section 400 (1) no. 1 of the Stock Corporation Act,

5. annual financial statements, annual reports, group financial statements, group annual reports and interim reports of the issuer, and in

6. offering documents within the meaning of section 11 (1), first sentence, of the Securities Acquisition and Takeover Act.

(2) Application for the establishment of a model case shall be made with the court trying the matter and shall include indication of the establishment objective and the public capital markets information. Such application must contain information on all factual and legal circumstances (points of dispute) which serve to justify the establishment objective, and a description of the evidence the applicant intends to use to substantiate or refute factual claims. The applicant shall substantiate that the decision on the application for the establishment of a model case may have significance for other similar cases beyond the individual dispute concerned. The respondent shall be granted opportunity to submit a written pleading on the matter.

(3) An application for the establishment of a model case pursuant to subsection (1), first sentence, shall be inadmissible if

1. a decision on the dispute which the application for the establishment of a model case is based upon is already forthcoming,

2. application for the establishment of a model case is made for the purpose of delaying proceedings,

3. the evidence described is unsuitable,

4. the applicant's reasons do not justify the filing of an application for the establishment of a model case or

5. a legal question which has been exclusively raised does not appear to need clarification.

Inadmissible applications for the establishment of a model case shall be denied by order of the court trying the matter.

Section 2
Public Announcement in the Complaint Registry

(1) The court trying the matter shall announce publicly an admissible application for the establishment of a model case in the electronic Federal Gazette under the title "Complaint Registry pursuant to the Capital Markets Model Case Act" (Complaint Registry). A decision on public announcement shall be given by order of the court trying the matter. There shall be no possibility to appeal such order. The public announcement shall contain only the following information:

1. The complete name of the accused party and its legal representative,

2. The name of the issuer of securities or offeror of other investments to which the application for the establishment of a model case refers,

3. The name of the court trying the matter,

4. The case number at the court trying the matter,

5. The establishment objective of the application for the establishment of a model case and

6. the exact date of the public announcement in the Complaint Registry.

Applications for the establishment of a model case whose establishment objectives refer to the same subject matter (related applications), shall be listed in the Complaint Registry chronologically according to the date of their announcement. Applications for

the establishment of a model case must however no longer be announced publicly in the Complaint Registry, if the conditions for the introduction of a model case pursuant to Section 4 (1), first sentence, have already been met.

(2) Access to the Complaint Registry shall be open to everyone free of charge.

(3) The court trying the matter carries the responsibility in respect of data protection for the data made public by him in the Complaint Registry, in particular for the legality of the collection of the data, the reliability of their announcement and their accuracy.

(4) The operator of the electronic Federal Gazette shall prepare in cooperation with the Federal Office Information Security a security plan for public announcements in the Complaint Registry, which shall include, in particular, the necessary technical and organizational measures pursuant to section 9 of the Federal Data Protection Act. The effectiveness of the measures shall be assessed at regular intervals in view of current technological developments.

(5) Data stored in the Complaint Registry shall be deleted in the event of denial of an application for the establishment of a model case pursuant to Section 4 (4), otherwise upon final and binding conclusion of the model case proceeding.

(6) The Federal Ministry of Justice shall be empowered to stipulate by order more precise provisions on the content and structure of the Complaint Registry, in particular with regard to entries, amendments, deletions, rights of access, data security and data protection. This shall include the formulation of provisions on the setting of dates for deletion and provisions which ensure that the public announcements

1. remain intact, complete and current,

2. can be traced to their origins at any time.

### Section 3
### Interruption of Proceedings

Proceedings shall be interrupted upon public announcement of the application for the establishment of a model case in the Complaint Registry.

### Section 4
### Reference to the Higher Regional Court

(1) The court trying the matter shall effect by order a decision of the next highest court of instance, the Higher Regional Court, on the establishment objective of related applications for the establishment of a model case (model case ruling), if

1. the first application according to date for establishment of a model case was submitted in the proceeding before the court trying the matter and

2. in at least nine other proceedings related applications for the establishment of a model case were submitted before the same or other courts within four months subsequent to its public announcement.

The order referring the matter to a higher court of instance shall be without appeal and binding for the Higher Regional Court. The order according to date of the applications for the establishment of a model case submitted to the courts trying the matters is determined according to the date of the public announcement in the Complaint Registry.

(2) The order referring the matter to a higher court of instance shall contain:

1. The establishment objective,

2. All points of dispute being raised, to the extent that they are relevant to the decision,

3. The evidence described and

4. A brief summary of the essential content of the rights being claimed and the measures availed of in contesting or defending the matter.

(3) The court trying the matter shall publicize the issuance and the date of the order referring the matter to the higher court of instance in the Complaint Registry.

(4) If within four months after the public announcement of the respective application for the establishment of a model case the number of similar applications required for reference of the matter to the Higher Regional Court has not been submitted to the court trying the matter, such court shall deny the application and resume proceedings.

(5) If more than one Higher Regional Court has been instituted in any given Land, rulings on model cases for which the Higher Regional Courts are competent pursuant to subsection (1) may be assigned by order of the Land governments to one of the Higher Regional Courts, provided that this serves in the interest of ensuring the consistency of the rulings. The Land governments may transfer this authority to the Land administrations of Justice. The competency of a Higher Regional Court may be established for specific districts or an entire region of several Länder by way of treaty between Länder.

Section 5
Precluding Effects of the Order Referring the Matter to a Higher Court of Instance

Upon issuance of the order referring the matter to a higher court of instance, the initiation of a further model case proceeding for the proceeding which is to be suspended pursuant to subsection (7) shall be inadmissible.

Part 2
Conducting Model Case Proceedings

Section 6
Public Announcement of Model Case Proceedings

Upon receipt of the order referring the matter to a higher court of instance, the Higher Regional Court shall publicly announce the following in the Complaint Registry:

1. The name of the model case plaintiff and his legal representative (Secion 8 (1) no. 1),

2. The complete name of the model case defendant and his legal representative (§ 8 (1) no. 2),

3. The establishment objective of the model case,

4. The case number of the Higher Regional Court and

5. The content of the order referring the matter to a higher court of instance.

The Higher Regional Court shall bear the responsibility in respect of data protection pursuant to Section 2 (3).

Section 7
Suspension

(1) After the Higher Regional Court has made public announcement of the model case in the Complaint Registry, the court trying the matter shall suspend ex officio all pending proceedings or any proceedings brought prior to the handing down of a model case ruling whose decision is contingent upon the establishment to be made on the model case or the legal question to be resolved in the model case proceeding. This shall apply irrespective of whether application was made in the proceeding for the establishment of a model case. The parties shall be heard, unless they have waived their right to do so. There shall be no possibility to appeal the suspension order. The court trying the matter shall inform the Higher Regional Court conducting the proceedings without delay of the suspension of proceedings, to include the amount of the claim, if this is the subject matter of the proceedings.

Section 8
Parties to the Model Case Proceedings

(1) Parties to the model case proceedings shall include:

1. The model case plaintiff,

2. The model case defendant,

3. Interested parties summoned.

(2) The Higher Regional Court shall designate at its equitable discretion by order

the model case plaintiff from among the plaintiffs at the court obtaining the model case ruling. Consideration shall be given to the following:

1. The amount of the claim, if it is the subject matter of the model case, and

2. Agreement among several plaintiffs designating a single model case plaintiff.

There shall be no contestation of such order.

(3) The plaintiffs and defendants of the remaining suspended proceedings shall be summoned to the model case proceeding. The suspension order shall serve as a summons in the model case proceeding. On the basis of the suspension order, the case trying the matter shall inform the interested parties summoned

1. that the pro rata costs of the model case shall make up part of the costs of the trial proceedings, and

2. that this shall not apply pursuant to Section 17, fourth sentence, if the complaint is withdrawn within two weeks of the service of the order of suspension of the main proceeding.

### Section 9
### General Procedural Rules

(1) The applicable provisions stipulated under the Code of Civil Procedure for proceedings at the first instance before the Regional Courts shall apply mutatis mutandis, provided no other derogating stipulations have been agreed on. Sections 278, 348 to 350 and 379 of the Code of Civil Procedure shall not apply. Interested parties summoned must not be named in orders.

(2) Public announcement may be made in lieu of service of summonses to court hearings on interested parties. Public announcement shall be effected by entry into the Complaint Registry. There must be a span of at least four weeks between public announcement and the date of the hearing.

(3) The Federal Government and the Land governments may determine by order for their area of competency the point in time as of which electronic files are to be kept in the model case proceeding and the applicable organisational/technical basis necessary for the creation, maintenance and storage of such electronic files. The Land governments may transfer this authority by order to the Land administrations of Justice.

(4) The Federal Government and the Land governments may determine by order for their area of competency that in model case proceedings statements are to be submitted to the court in electronic form, confirmations of receipt are to be sent in response electronically and that the parties shall be required to ensure that electronic documents may be served on them by the court. The suitable form necessary for the processing of the documents shall be stipulated by order. The Land governments may transfer this authority by order to the Land administrations of Justice.

### Section 10
### Preparation of the Hearing

In preparation of the hearing, the presiding judge or a member of the bench designated by him may instruct the interested parties summoned to the hearing to submit additions to the written pleadings provided by the model case plaintiff or the model case defendant, and may in particular set a deadline for the clarification of certain disputes which require further elucidation. Additions submitted in the preparatory written pleadings by the interested parties summoned shall be made available to the model case plaintiff and the model case defendant.  Written pleadings of the interested parties summoned shall not be made available to any remaining interested parties. Written pleadings of the model case plaintiff and the model case defendant shall only be made available to the interested parties summoned if they have requested this of the court in writing.

### Section 11
### Effects of Withdrawal

(1) Withdrawal of an application for establishment of a model case shall have no influence on the status of a model case plaintiff or a model case defendant per se.

(2) If the model case plaintiff withdraws his complaint in the course of the main model case proceedings, the court shall designate a new model case plaintiff. The same shall apply in the event of the initiation of insolvency proceedings in respect of the model case plaintiff's assets, and in the event of his death, loss of capacity to sue or to be sued, loss of legal representative, a court order subjecting estate to administration or reversionary succession, provided that the legal counsel representing the model case plaintiff has applied for the suspension of the model case proceedings. Withdrawal of the complaint by the interested parties summoned shall have no effect on the progress of the model case proceedings.

### Section 12
### Legal Position of Interested Parties Summoned

An interested party must engage in the model case proceeding at the stage it is in at the time he is summoned; he is entitled to avail himself of means of contestation or defense and to effectively undertake all relevant procedural acts, as long as his statements and actions are not contrary to the statements and actions of his main party (model case plaintiff or model case defendant).

### Section 13
### Expansion of the Subject Matter of the Model Case Proceedings

(1) Within the framework of the establishment objective of the model case, model case plaintiffs, model case defendants and interested parties summoned may seek the establishment of additional points of dispute up to the conclusion of the model case proceedings, provided that the decision on their legal dispute is contingent thereupon and the court trying the matter considers them relevant.

(2) The expansion of the order referring the matter to a higher court of instance by the court trying the matter shall be without appeal and binding for the Higher Regional Court.

(3) The Higher Regional Court shall publicize the expanded order referring the matter to a higher court of instance in the Complaint Registry. Section 6, second sentence, shall apply mutatis mutandis.

### Section 14
### Model Case Ruling

(1) Based on an oral hearing, the Higher Regional Court shall hand down by order a model case ruling. The interested parties summoned must not be named in the heading of a model case ruling. The model case ruling shall be served on the model case plaintiff and on the model case defendant; the interested parties summoned shall be informed thereof by informal notification. Public announcement may be made in lieu of such notification, to include the service thereof on the model case plaintiff and the model case defendant. Section 9 (2), second sentence, shall apply mutatis mutandis.

(2) The decision on the costs ensued as a result of conduct of model case proceedings shall remain a matter for the courts trying the matter at which proceedings were suspended.

(3) Sections 91a and 306 of the Code of Civil Procedure shall not apply to model case proceedings. If all interested parties (§ 8 (1)) do not consent to the settlement, conclusion of model case proceedings by way of settlement shall be inadmissible.

### Section 15
### Appeal on Points of Law

(1) The model case ruling may be appealed on points of law. The legal matter shall constantly have fundamental importance within the meaning of section 574 (2) no. 1 of the Code of Civil Procedure. The fact that the court trying the matter pursuant to Section 4 (1) has erroneously obtained a model case ruling may not serve as the basis for a complaint. All parties to the proceedings (Section 8 (1)) shall be entitled to file a complaint.

(2) The court of appeals shall notify the interested parties summoned to the model case proceedings of the receipt of a complaint, provided that such complaint is admissible per se and was filed in the prescribed form and within the time

allowed. These parties may intervene in complaint proceedings within a strict statutory period of one month as of service of such notification. Public announcement may be made in lieu of service of such notification; Section 9 (2), second sentence shall apply mutatis mutandis. The parties shall substantiate the intervening pleading within a period of one month. The time period shall begin running upon service of the notification of receipt of the complaint pursuant to the first sentence; section 551 (2), fifth and sixth sentences, of the Code of Civil Procedure shall apply mutatis mutandis. If an interested party summoned waives intervention or does not provide reasons for seeking intervention within the time period stipulated in the second sentence, then the model case proceeding before the court of appeals shall be continued without regard to him. Section 12 shall apply mutatis mutandis to the legal position of interested parties intervening in the complaint proceedings.

(3) If a model case plaintiff appeals the model case ruling on points of law, he shall then continue the model case proceedings at the appellate instance as the model case appellant. If the model case plaintiff withdraws his appeal on points of law, then the court of appeals shall designate pursuant to Section 11 (2), first sentence, in conjunction with Section 8 (2a) a new model case appellant from among the interested parties summoned who have intervened in the appeal on points of law proceedings, unless these parties also waive continuance of the appeal.

(4) If appeal on points of law in respect of the model case ruling is not made by the model case plaintiff, but instead by one or more of the interested parties summoned, then that interested party summoned who is first to enter an appeal shall be designated the model case appellant by the appeals court. Subsection (2), first sentence, shall apply mutatis mutandis in regard to the model case plaintiff and the model case defendant.

(5) If a model case defendant enters an appeal in respect of the model case ruling, then the model case opponent to the appeal shall be the model case plaintiff determined by the Higher Regional Court. Section 574 (4), first sentence, of the Code of Civil Procedure shall apply mutatis mutandis to the interested parties summoned.

Part 3
Effect of the Model Case Ruling; Costs

Section 16
Effect of the Model Case Ruling

(1) The model case ruling shall be binding on the courts trying the matter, whose decisions depend on the establishment made on the model case or the legal question to be resolved in the model case proceedings. The order shall be defined as taking final and binding effect to the extent that a ruling has been handed down in regard to the subject matter of the model case. Without prejudice to subsection (2), the model case ruling shall have effect for and against all interested parties summoned, irrespective of whether the interested party itself has expressly complained of all the points of dispute. This shall also apply if the interested party has withdrawn its complaint in the main proceedings. Main proceedings shall be recommenced upon submission of the final and binding model case ruling by a party to the model case proceedings.

(2) Upon final and binding conclusion of the model case proceeding, the interested parties summoned shall only be heard in legal disputes brought against the opposing party which assert that the main party's presentation of the case was inadequate, provided that, on account of the stage the model case proceeding was in at the time they were summoned or on account of statements and actions of the main party, the interested parties summoned were hindered from availing themselves of means of contestation or defense, or such means of contestation or defense of which they were not aware were not availed of by the main party, either intentionally or due to gross negligence.

(3) The model case ruling shall also have effect for and against the interested parties summoned, who did not intervene in the appeal on points of law proceeding.

Section 17

– 8 –

Subject Matter of the Decision on Costs in Trial Proceedings

The costs ensued by the model case plaintiff and the interested parties summoned on his side for model case proceedings at first instance shall comprise part of the costs of the respective trial proceeding at first instance. The costs ensued by the model case defendant and the interested parties summoned on his side for model case proceedings at first instance shall comprise part of the costs of the respective trial proceeding at first instance. The respective share in the costs shall be determined according to the ratio of the amount of the claim made by the respective plaintiff, in so far as this is the subject matter of the model case proceeding, to the total amount of the claims made in the trial proceedings by the model case plaintiff and the interested parties summoned on his side for the model case proceeding, in so far as such claims are the subject matter of the model case proceeding. A claim shall not be considered, if the complaint in the main proceeding has been withdrawn within two weeks of service of the suspension order pursuant to Section 7. Section 96 of the Code of Civil Procedure shall apply mutatis mutandis.

Section 18
Violation of the Requirements to Reference of the Matter to the Higher Regional Court

The judgment of one of the courts trying the matter on the merits may not be contested on the basis of the allegation that the Higher Regional Court was not the court competent for handing down a ruling on a model case or that the requirements for reference to a higher court of instance in a model case proceeding have not been met.

Section 19
Decision concerning Costs in Appeal on Points of Law Proceedings

(1) The costs ensued in the filing of an appeal on points of law by the model case plaintiff or one of the interested parties summoned on his side which was unsuccessful shall be carried, depending on the degree of their intervention, by the model case appellant and those interested parties summoned who intervened in the appeal on points of law proceedings.

(2) If the appeals court itself gives the decision on the matter, the costs ensued in bringing an appeal on points of law by one of the model case defendants or one of the interested parties summoned on his side which was successful shall be carried, depending on the degree of their intervention in the model case proceedings at first instance, by the model case plaintiff and all interested parties summoned on his side.

(3) In the event of partially successful outcomes and loss, section 92 of the Code of Civil Procedure shall apply mutatis mutandis.

(4) In the event that the court of appeals sets aside the model case ruling by the Higher Regional Court and remits the matter for a new decision, the Higher Regional Court shall rule at its equitable discretion on the carrying of costs in appellate proceedings simultaneously with the handing down of its ruling on the model case proceeding. In doing so, the outcome of the model case proceeding shall be taken as its basis. Section 99 (1) shall apply mutatis mutandis.

(5) If the model case plaintiff and the interested parties summoned on his side are ordered to pay costs ensued in the appellate proceedings, they shall reimburse court fees advanced by the model case defendant or the interested parties summoned on his side and the attorney's fees of the model case defendant or the interested parties summoned on his side according to the respective value arising from the claims made by them in the trial proceedings which are the subject matter of the model case proceeding.

Section 20
Transitional Provisions

In respect of proceedings in which prior to 1 November 2010 an application for the establishment of a model case was submitted, this law and those provisions amended by Articles 2 to 8 of the Act on the Initiation of Model Case Proceedings in respect of Investors in the Capital Markets in the version in force prior to 1 November 2010 shall continue to apply.